UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE ROSS GROUP CONSTRUCTION CORPORATION, an Oklahoma corporation,<br><br>Plaintiff,<br><br>v.<br><br>RCO CONSTRUCTION, LLC, a Texas limited liability company; and PHILADELPHIA INDEMINTY INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Defendants. | Case No. 19-CV-551-JFH-CDL |

## OPINION AND ORDER

Before the Court by consent of the parties (Doc. 31) and referral of the Chief District Judge (Doc. 32) is the Motion to Dismiss for Improper Venue and/or Transfer Venue ("Motion") (Doc. 12, 13), filed by Defendant Philadelphia Indemnity Insurance Company ("PIIC"). Plaintiff, Ross Group Construction Corporation, filed a Response in Opposition. (Doc. 20). PIIC did not file a Reply.

**I.      Background**

In April 2017, Plaintiff and Defendant RCO Construction, LLC ("RCO") executed a construction contract related to work on the Naval Air Station in Corpus Christi, Texas. (Doc. 20-1). The contract included the following choice of law and venue provision:

> **ARTICLE XXI. CONTROLLING LAW AND EXCLUSIVITY OF VENUE:** This Subcontract shall be governed by and interpreted in accordance with the laws of the State of Oklahoma and Subcontractor further

>agrees that the venue of any action hereunder shall lie exclusively in either the District Court for Tulsa County, State of Oklahoma or in the United States District Court for [the] Northern District of Oklahoma, as may be the case.

(*Id.* at 17). In June 2017, RCO and PIIC executed a payment bond related to the project. (*Id.* at 5). PIIC is not a party to the contract between Plaintiff and RCO. (*Id.* at 12). However, the contract is referenced in the Payment Bond documentation. (*See id.* at 5). Plaintiff sued in 2019 claiming RCO failed to timely or properly complete its work under the contract. (Doc. 2).

## II. Analysis

PIIC's Motion is premised upon Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1404(a). Rule 12(b)(3) applies where a defendant establishes that the forum is the wrong venue. PIIC's alternative motion to transfer venue to the Southern District of Texas is based on its argument that the action should be transferred under 28 U.S.C. § 1404(a). That statute provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought or to any district or division to which all parties have consented." *Id.*, § 1404(a).

Where there is not a forum-selection clause, a "court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various public-interest considerations." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. W.D. Tex.*, 571 U.S. 49, 62 (2013). "The calculus changes, however, when the parties' contract contains a valid forum-selection clause. . . . '[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.'" *Id.* Where venue is specified and accompanied by mandatory or obligatory language, the forum selection clause will

generally "be enforced as mandatory." *American Soda, LLP v. U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921, 926-27 (10th Cir. 2005).

The contract between Plaintiff and RCO includes a choice of law and forum selection clause designating Oklahoma law and courts for any disputes arising from the contract. (Doc. 20-1 at 17). PIIC initially argues that, notwithstanding the contract's Oklahoma choice of law and forum-selection clause, *Okla. Stat.* tit. 15, § 162 requires that Texas law be applied, as the contract work was to be performed in Texas. (*See* Doc. 12 at 3). However, Oklahoma recognizes the validity of bargained-for forum-selection clauses. "The enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate interests and furthers vital interests of the justice system." *Tucker v. Cochran Firm-Criminal Defense Birmingham L.L.C.*, 341 P.3d 673, 683 (Okla. 2014) (quoting *Atlantic Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63 (2013)). Oklahoma's policy of enforcing valid forum-selection clauses is consistent with the analysis applicable under federal law. *See Atlantic Marine*, 571 U.S. at 62-63.

In support of its Motion, PIIC argues that the Court should void the forum-selection clause under Texas Business and Commerce Code § 272.001(b), because the work was performed in Corpus Christi, Texas:

> If a construction contract or an agreement collateral to or affecting the construction contract contains a provision making the contract or agreement or any conflict arising under the contract or agreement subject to another state's law, litigation in the courts of another state, or arbitration in another state, that provision is voidable by a party obligated by the contract or agreement to perform the work that is the subject of the construction contract.

Tex. Bus. & Com. § 272.001(b).

3

By its plain language, § 272.001 may only be invoked by a party obligated *to perform the work that is the subject of the construction contract. Id.* PIIC is not a party to the contract between Plaintiff and RCO. It is a surety, not a construction company. It does not argue that it was responsible for performing the work itself, and PIIC has not presented any authority broadening the availability of § 272.001 beyond the limits imposed by the statute's plain language. The "party obligated by the contract . . . to perform the work that is the subject of the construction contract" in this case is RCO, and RCO has neither sought dismissal or transfer nor joined in PIIC's Motion. Accordingly, it does not appear that § 272.001(b) has any application to this suit. Because PIIC's dismissal and transfer arguments are solely premised on § 272.001 and PIIC presents no other argument seeking invalidation of Plaintiff and RCO's forum selection clause, the Court rejects PIIC's argument that the case should be dismissed or transferred.[1]

PIIC has not established that the forum-selection clause in the contract is invalid, that venue is improper in this District, or that there are any "extraordinary circumstances"

---

[1] Although PIIC is not a party to the construction contract, the payment bond documentation references the underlying construction contract that contains the forum selection clause. (*See* Doc. 20-1 at 5-8). The bond paperwork further provides that "[n]o suit or action shall be commenced by a Claimant under this Bond other than in the court set forth in the Construction Contract . . . ." (*Id.* at 7, § 12). Recently, in a similar context, another court in this Circuit concluded that, by incorporating the construction contract into the payment bond, the surety "impliedly consented" to exercise of jurisdiction over it in the forum selected in the construction contract. *See Dub-L-EE, LLC v. J. Carrizal Gen. Constr., Inc.*, 21-cv-624-BRB-JHR, 2021 WL 4972430, *3 (D.N.M. Oct. 26, 2021). In that case, the surety challenged the exercise of jurisdiction as well as venue and cited § 272.001(b) of the Texas Business and Commerce Code. The district court rejected the defense arguments and denied the motions to dismiss or transfer.

or "exceptional factors" that would justify transfer to a forum other than that chosen by the parties in the underlying contract. *See Atlantic Marine*, 571 U.S. at 62. Accordingly, the undersigned concludes that the Motion should be denied.[2]

### III.  Conclusion

Defendant PIIC's Motion to Dismiss for Improper Venue and/or Transfer Venue (Doc. 12, 13) is **denied.**

Dated this 7th day of December, 2021.

Christine D. Little
United States Magistrate Judge

---

[2]   A federal district court in Louisiana recently enforced a forum selection clause by transferring the action to the Northern District of Oklahoma on a subcontract for work to be performed in Texas provided for the Northern District of Oklahoma as the exclusive venue for any litigation on the contract. *CADS Constr., LLC v. Matrix Serv., Inc.*, 21-cv-99, 2021 WL 4762406 (W.D. La. Oct. 12, 2021). In transferring the suit to this District, the federal court in Louisiana rejected an argument that § 272.001(b) voided the subcontract. *Id.* at *3.