UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE ROSS GROUP CONSTRUCTION CORPORATION, an Oklahoma corporation,<br><br>Plaintiff,<br><br>v.<br><br>RCO CONSTRUCTION, LLC, a Texas limited liability company; and PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Defendants. | Case No. 19-CV-551-JFH-CDL |

**OPINION AND ORDER**

Before the Court is the Motion to Reconsider (Doc. 34) filed by defendant Philadelphia Indemnity Insurance Company (PIIC). The plaintiff, Ross Group Construction Corporation (Ross Group), filed a response in opposition. (Doc. 36). PIIC did not file a Reply. Defendant RCO Construction, LLC (RCO) did not join in or oppose PIIC's motion.

**I.   Background**

In April 2017, Ross Group and RCO executed a construction subcontract for work on the Corpus Christi, Texas Naval Air Station. (Doc. 8 at 9-32). The contract included the following choice of law and venue provision:

> **ARTICLE XXI. CONTROLLING LAW AND EXCLUSIVITY OF VENUE:** This Subcontract shall be governed by and interpreted in accordance with the laws of the State of Oklahoma and Subcontractor further

> agrees that the venue of any action hereunder shall lie exclusively in either the District Court for Tulsa County, State of Oklahoma or in the United States District Court for [the] Northern District of Oklahoma, as may be the case.

(*Id.* at 15). In June 2017, RCO and PIIC executed payment and performance bonds related to the project. (*Id.* at 33-42).

PIIC is not a party to the contract between Ross Group and RCO. (*Id.* at 10). However, the contract is referenced in both the performance and payment bond paperwork. (*See id.* at 34, § 1; *id.* at 38, § 1). The bonds also generally incorporate the forum selection provision of the Ross Group – RCO contract. (*See id.* at 35, § 11 ["Any proceeding, legal or equitable, under this [performance] Bond may be instituted in the court set forth in the Construction Contract. . . ."]; *id.* at 39, § 12 ["No suit or action shall be commenced by a Claimant under this [payment] Bond other than in the court set forth in the Construction Contract . . ."].

Ross Group initiated this litigation in 2019, claiming RCO failed to timely or properly complete its work under the contract. (Doc. 2). Ross Group subsequently amended the complaint. The amended complaint includes a claim against PIIC for allegedly "fail[ing] to conduct a reasonable investigation and pay Ross Group's claim against the [performance] Bond" and "fail[ing] to remit payment to Ross Group on its claim" against the Bond. (Doc. 8 at ¶¶ 10, 16, 18, 28, 29).

PIIC moved to dismiss for improper venue or to transfer venue, arguing that the Court should void the construction contract's forum selection clause under Texas Bus. & Comm. Code § 272.001(b), because the work was performed in Corpus Christi, Texas. (*See*

2

Doc. 12). The Texas statute in effect at the time of Ross Group and RCO's April 2017 construction contract provided as follows:

> (a) This section applies only to a contract that is principally for the construction or repair of an improvement to real property located in this state.
>
> (b) If a contract contains a provision making the contract or any conflict arising under the contract subject to another state's law, litigation in the courts of another state, or arbitration in another state, that provision is voidable by the party obligated by the contract to perform the construction or repair.

Tex. Bus. & Com. § 272.001(b) (effective prior to September 1, 2017).[1]

The Court denied PIIC's motion to dismiss for improper venue and/or to transfer venue. (Doc. 33). In ruling on the motion, the Court noted, among other things, that:

> PIIC is not a party to the contract between plaintiff and RCO. It is a surety, not a construction company. It does not argue that it was responsible for performing the work itself, and PIIC has not presented any authority broadening the availability of § 272.001 beyond the limits imposed by the statute's plain language.

(*Id.* at 4). The Court further noted that the bond paperwork indicates that suit on the payment bond shall be commenced in the forum set forth in the construction contract and that the surety had "impliedly consented" to suit in the forum selected in the construction

---

[1] The statute changed, effective September 1, 2017, to the version that is currently codified at § 272.001. *See* 2017 Tex. Sess. Law Serv. Ch. 580 (S.B. 807) (Vernon's). Pursuant to "Section 3" and "Section 4" of the enacting legislation, the changes to the statute apply only to contracts or agreements "entered into on or after the effective date of" September 1, 2017. Because the construction contract and bonds at issue in this case were entered into before September 1, 2017 (*see* Doc. 8 at 10, 33), the earlier version of the statute, which is quoted in the text above, applies to the construction contract. *See id.* In connection with PIIC's earlier motion to dismiss, PIIC and Ross Group, as well as the Court, cited the current version of the statute, rather than the one in effect at the time of the construction contract. (*See* Doc. 12 at 3-4; Doc. 20 at 7-8).

contract. (*Id.*, fn.1). The Court further denied the motion on the basis that "PIIC has not established that the forum selection clause in the contract is invalid, that venue is improper in this District, or that there are any 'extraordinary circumstances' or 'exceptional factors' that would justify transfer to a forum other than that chosen by the parties in the underlying contract." (*Id.* at 4-5, citing *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. W.D. Tex.*, 571 U.S. 49, 62 (2013)).

## II. Analysis

### A. PIIC has not met the standard for reconsideration.

A motion to reconsider is an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Absent extraordinary circumstances . . . the basis for the second motion must not have been available at the time the first motion was filed." *Id.* "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

PIIC moves for reconsideration on one ground. It argues that the performance bond obligates PIIC, the surety, "to perform the completion work upon notice of a default," such that § 272.001 rendered the forum selection and choice of law provisions in the subcontract

4

voidable. (*See* Doc. 34 at 1-2). That argument is dependent on whether PIIC had standing to void the subcontract, because the parties to that contract– Ross Group and RCO – have themselves *not* sought to void the forum selection or choice of law provisions.

In its original motion, PIIC mentioned the performance bond and indicated that the bond "guaranteed RCO's performance," but PIIC did not make the specific argument it now makes, and it did not even provide the performance bond with its motion. (*See* Doc. 12). PIIC's original motion attached only the construction subcontract between Ross Group and RCO. (Doc. 12-1).

In its response to the original motion, Ross Group argued that, even were § 272.001 applicable, PIIC did not have standing under § 272.001 to void the forum selection clause. (*See* Doc. 20 at 7-8). PIIC did not file a reply brief to respond to that argument or to present the argument it now raises in its motion to reconsider. Its argument for reconsideration was available to PIIC at the time it filed its original motion and it could have filed a reply brief to respond to that argument by Ross Group, but PIIC did not file any reply brief. It is not an appropriate ground to revisit or present arguments that could have been presented previously. *See Servants of Paraclete*, 204 F.3d at 1012.

      **B.**      **Litigation in this forum is proper under federal and forum state law.**

The Court's prior ruling is consistent with both federal and Oklahoma law and policy. Where jurisdiction is premised on diversity, the conflict of law rules of the forum state apply. *Klaxton Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941). PIIC previously argued that Texas law should apply by virtue of *Okla. Stat.* tit. 15, § 162. (*See* Doc. 12 at 3). That statute provides that "[a] contract is to be interpreted according to the

5

law and usage of the place where it is to be performed, or, if it does not indicate a place of performance, according to the law and usage of the place where it is made." *Okla. Stat.* tit. 15, § 162. However, it is well-established that "Oklahoma will enforce the choice of law provisions in a contract." *Empire Bank v. Dumond*, 28 F. Supp. 3d 1179, 1184 (N.D. Okla. 2014); *see also SFF-TIR, LLC v. Stephenson*, 250 F. Supp. 3d 856, 972-73 (N.D. Okla. 2017) ("Oklahoma recognizes parties' selection of a particular state's law to control a contract agreement as long as the selected law is not contrary to Oklahoma's established public policy."); *Sallee v. Dollar Thrifty Auto. Grp., Inc.*, 14-CV-250-GKF-PJC, 2015 WL 1281518, *3 (N.D. Okla. Mar. 20, 2015) (unpublished) ("Oklahoma law allows parties to a contract to select which state's laws govern their agreement."). Given the parties selected Oklahoma law, § 162 does not dictate application of Texas law to this dispute.

Where, as here, there is a forum selection clause, "federal law, specifically 28 U.S.C. § 1404(a), governs the District Court's decision whether to give effect to the parties' forum-selection clause." *Atlantic Marine*, 571 U.S. at 58 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988)). "In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various public-interest considerations. . . . The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.' . . . '[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.'" *Id.* "[W]hen venue is specified . . . and the designation is accompanied by mandatory or obligatory

6

language, a forum selection clause will be enforced as mandatory." *American Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 927 (10th Cir. 2005).

As the only party requesting a forum other than that designated by the parties to the subcontract, PIIC has the burden to establish transfer is appropriate. *See Atlantic Marine*, 571 U.S. at 63 (the party seeking to defeat the forum selection clause bears the burden). Moreover, when evaluating an attempt to defeat a forum selection clause, the court "should not consider arguments about the parties' private interests [because,] [w]hen the parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses." *Id.* at 64.

Enforcement of the forum selection clause in the construction contract and as incorporated into the bonds is consistent with federal and Oklahoma law and policy regarding such clauses. "The enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate interests and furthers vital interests of the justice system." *Tucker v. Cochran Firm-Crim. Def. Birmingham L.L.C.*, 341 P.3d 673, 683 (Okla. 2014) (quoting *Atlantic Marine*, 571 U.S. at 63); *Atlantic Marine*, 571 U.S. at 62-63. There is no reason to find the parties' forum selection clause to be invalid or void here.[2]

---

[2] Another federal district court enforced a forum selection clause by transferring the action to the Northern District of Oklahoma on a subcontract that provided for work to be performed in Texas but selected the federal or state courts in Tulsa, Oklahoma as the exclusive venue for any litigation on the contract. *CADS Constr., LLC v. Matrix Serv., Inc.*, 2:21-cv-99, 2021 WL 4762406 (W.D. La. Oct. 12, 2021). In transferring the suit to this District, the federal court in Louisiana rejected an argument that § 272.001(b) voided the subcontract or rendered it invalid. *Id.* at *3.

      **C.    Even if the Texas statute were applicable to the construction contract, PIIC was not a party that could void the contract.**

The version of § 272.001 in effect prior to September 1, 2017 applies "only to a contract that is principally for the construction or repair of an improvement to real property located in [Texas]." Even were § 272.001 applicable to the forum selection clause in the Ross Group – RCO contract, such clause would only be "voidable by *the party obligated by the contract* to perform the construction or repair." *Id.* § 272.001(b) (emphasis added). Even though it was the surety on the bonds, *PIIC was not a party to, or obligated by, the construction subcontract. See id.* The Court finds no basis to reconsider its prior ruling on the motion to dismiss or transfer venue, which motion was premised entirely on PIIC's argument that PIIC had standing to void the construction contract's forum selection clause under § 272.001.

Moreover, were the Court to find the Texas statute applicable to the construction contract, it is clear that the parties to the contract – Ross Group and RCO – have *not* elected to void the forum selection clause of their construction contract. As noted, PIIC could have, but did not, present any factual argument or authority for extending application of the Texas statute to PIIC in its initial motion or in reply. There is no basis for reconsideration on PIIC's argument.

      **D.    PIIC consented to this forum.**

As noted, the PIIC bonds reference and are consistent with the Ross Group-RCO contract's forum selection and choice of law clauses, such that PIIC consented to venue in this forum on litigation on the bonds. (*See* Doc. 8 at 35, § 11 ["Any proceeding, legal or

equitable, under this [performance] Bond may be instituted in the court set forth in the Construction Contract"]; *id.* at 39, § 12 ["No suit or action shall be commenced by a Claimant under this [payment] Bond other than in the court set forth in the Construction Contract"]). "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum" and "whatever 'inconvenience' [the parties] would suffer by being forced to litigate in the contractual forum as [they] agreed to do was clearly foreseeable at the time of contracting." *Atlantic Marine*, 571 U.S. at 64.[3]

### III. Conclusion

PIIC has not presented any factual argument or authorities that were not available to it at the time it filed its earlier motion and could have filed a reply brief on that motion. Both Oklahoma and federal law support continuation of the litigation in this forum pursuant to the parties' forum selection clause. PIIC's Motion to Reconsider (Doc. 34) is **denied.**

IT IS SO ORDERED this 4th day of August, 2022.

Christine D. Little
United States Magistrate Judge

---

[3] In a similar context, a court in this Circuit concluded that, by incorporating the construction contract into the bond, the surety "impliedly consented" to exercise of jurisdiction over it in the forum selected in the construction contract. *See Dub-L-EE, LLC v. J. Carrizal Gen. Constr., Inc.*, 21-cv-624-BRB-JHR, 2021 WL 4972430, *3 (D.N.M. Oct. 26, 2021). The surety challenged the exercise of jurisdiction and venue and cited § 272.001(b). The district court rejected the arguments and denied the motions to dismiss or transfer, finding venue proper in New Mexico.